**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| JIWOO RYU, | : | Case No. 1:25-cv-737 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| ABX AIR, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 8). Plaintiffs filed a Response in Opposition (Doc. 11), and Defendant filed a Reply in Support (Doc. 12). Additionally, Plaintiff filed a Sur-Reply (Doc. 13), and Defendant filed a Motion to Strike Sur-Reply (Doc. 14), which is also fully briefed. (*See* Response, Doc. 15; Reply, Doc. 16.) These matters are thus ripe for the Court's review. For the following reasons, Defendant's Motion to Dismiss (Doc. 8) is **GRANTED** and Defendant's Motion to Strike (Doc. 14) is **DENIED**.

## BACKGROUND

Plaintiff Jiwoo Ryu, a former employee of Defendant ABX Air, Inc., filed a Complaint (Doc. 1) bringing several claims against Defendant, including Count III, which is a claim for whistleblower retaliation under 49 U.S.C. § 42121. (Compl., Doc. 1, Pg. ID 9–10.) Defendant moves to dismiss Plaintiff's § 42121 claim. (Motion to Dismiss, Doc. 8.) After the parties fully briefed the Motion to Dismiss (Doc. 8), Plaintiff filed a Sur-Reply

without first seeking leave of Court. (*See* Sur-Reply, Doc. 14.) So, Defendant moved to strike that filing. (*See* Motion to Strike, Doc. 14.) The Court first considers Defendant's Motion to Strike (Doc. 13), then turns to Defendant's Motion to Dismiss (Doc. 8).

## LAW & ANALYSIS

### I. Motion to Strike Sur-Reply (Doc. 13)

Defendant seeks to strike Plaintiff's Sur-Reply (Doc. 13), arguing that it did not comply with the Court's Local Rules. (Motion to Strike, Doc. 13, Pg. ID 184–85.) The Federal Rules of Civil Procedure do not provide an avenue for a court to strike filings other than pleadings. *See* Fed. R. Civ. P. 12(f). Because Plaintiff's sur-reply is not a pleading subject to Rule 12(f), Defendant's motion to strike must be denied.

That said, Defendant is correct that Plaintiff filed his sur-reply in contravention of the Local Rules. Local Civil Rule 7.2(a) provides that opposing and reply memoranda may be filed, but notes that "[n]o additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown." Because Plaintiff filed his Sur-Reply (Doc. 13) without leave of court, it was improperly filed and will not be considered. *See, e.g., Mullenix v. Eastman Chem. Co.*, 237 F. Supp. 3d 695, 703 (E.D. Tenn. 2017) (denying motion to strike an affidavit because it was not a pleading but disregarding its contradictory assertions).

### II. Motion to Dismiss (Doc. 8)

Before addressing the merits of Defendant's Motion to Dismiss (Doc. 8), the Court must first determine the procedural rule that applies to it. Defendant seeks dismissal under Rule 12(b)(1), arguing that this Court lacks subject matter jurisdiction over

Plaintiff's claim brought under 49 U.S.C. § 42121. (Motion to Dismiss, Doc. 8.) At its core, Defendant's argument centers on the exclusive role of the administrative process in resolving § 42121 complaints, which leaves Plaintiff without a private right of action to bring this claim in federal court. (*Id.* at Pg. ID 65-68.) The Sixth Circuit has clarified, however, that the lack of a private right of action is a merit-based defense under Rule 12(b)(6), not a jurisdictional defect under Rule 12(b)(1). *M.J. Whitman & Co., Pension Plan v. American Financial Enterprises, Inc.*, 725 F.2d 394, 396 fn. 2 (6th Cir. 1984). In the interest of justice and judicial economy, the court will treat Defendant's motion as a "mislabeled" motion that should have been brought under Rule 12(b)(6). *See Great Am. Ins. Co. v. Johnson Controls, Inc.*, No. 1:20-cv-96, 2020 U.S. Dist. LEXIS 141454, at *14 (S.D. Ohio Aug. 7, 2020) (construing a motion to dismiss under 12(b)(1) to compel arbitration as mislabeled).

A motion to dismiss for "failure to state a claim upon which relief can be granted" tests the plaintiff's cause of action as stated in a complaint. Fed. R. Civ. P. 12(b)(6); *Golden v. City of Columbus*, 404 F.3d 950, 958 (6th Cir. 2005). A claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Put differently, the complaint must lay out enough facts for a court to plausibly infer that the defendant wronged the plaintiff. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). Courts must accept all allegations of material fact as true and must construe such allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 554-55; *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018). However, courts are not bound to do the same for a complaint's legal conclusions. *Twombly*, 550 U.S. at 555.

49 U.S.C. § 42121 does not imply or create a private right of action. *Schellhaas v. Southwest Airlines Co.*, No. 18-7979, 2019 U.S. Dist. LEXIS 119428, at *5 (E.D. La. July 17, 2019) (collecting cases). While the Sixth Circuit has not yet addressed the issue, the Ninth Circuit has thoroughly analyzed it in *Williams v. United Airlines, Inc.*, 500 F.3d 1019 (9th Cir. 2007). In Williams, the Ninth Circuit noted that "the plain language of [§ 42121] and its statutory scheme counsel against implying a right of action in federal district court." *Williams*, 500 F.3d at 1024. Upon review of the applicable statutes and regulations, the Court agrees. Accordingly, as § 42121 provides Plaintiff with no private right of action, Count III of Plaintiff's Complaint (Doc. 1) must be dismissed.

**CONCLUSION**

For the foregoing reasons, the Court **ORDERS** the following:

1. Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**;
2. Defendant's Motion to Strike Sur-Reply (Doc. 14) is **DENIED**;
3. Count III of the Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**; and
4. Plaintiff's remaining claims **SHALL PROCEED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland

JUDGE MATTHEW W. McFARLAND